**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARIA A. BEADNELL,**

        **Plaintiff,**

**v.**                                  **Case No:   6:13-cv-1875-Orl-GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

**MEMORANDUM OF DECISION**

Maria A. Beadnell (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits, a period of disability, and Supplemental Security Income.   Doc. No. 1; R. 24, 158-65, 184. Claimant alleges an onset of disability as of January 1, 2009.   R. 158.   Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: (1) find Claimant's migraine headaches a severe impairment at step-two of the sequential evaluation process; and (2) failing to consider the symptoms and/or effects of Claimant's migraine headaches in determining the Claimant's residual functional capacity assessment (the "RFC").   Doc. No. 17 at 1-2, 13-21.   For the reasons that follow, the Commissioner's final decision is **AFFIRMED**.

## I.    <u>THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS</u>.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.   *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).   In *Doughty v. Apfel*, 245 F.3d 1274 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity.  At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments.  At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience.  If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work.  At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. at 1278 (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

## II.   STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment

for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## III.   ANALYSIS.

At the center of this dispute is the ALJ's handling of Claimant's allegations concerning severe limitations from migraine headaches. Doc. Nos. 17 at 1-2, 13-21; 18 at 3-22. At the hearing, the Claimant testified that migraine headaches are a primary cause of her alleged disability. R. 53-59, 63-64, 66-67. In the decision, at step-two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: high blood pressure, depression, anxiety, and post-traumatic disorder. R. 26. The ALJ determined that Claimant's migraine headaches are not a severe impairment. R. 26. The ALJ stated:

> Based on the record in its entirety, the evidence fails to establish any impairment involving migraine headaches that had any greater than a slight or minimal effect on the claimant's ability to perform basic work activities. Thus, this impairment is not "severe." The claimant alleges symptoms of ongoing headaches, with associated blurred vision, nausea, and vomiting. However, neurological testing has failed to provide any support for these allegations. MRA and MRI of the brain and head CT were unremarkable and within normal limits (31F, pgs 44, 45, & 46F, pgs 16, 18). Despite the claimant's allegations of ongoing blurred vision, dizziness, nausea, and vomiting, Dr. Shenoy's notes show no more than sporadic complaints of such symptomology. The claimant is more consistently noted to have denied such symptoms. The claimant is continually noted to be in no apparent distress, and findings on physical examinations were completely normal. Furthermore, the claimant reported on multiple occasions that her migraines were fairly well controlled on medications (Exhibits 7F, 26F, 31F). More specifically, during the claimant's last visit with Dr. Shenoy, she reported that the medication did work for her (Exhibit 31F, pg 3).
>
> After ceasing care with Dr. Shenoy, follow-up treatment notes appear to be more focused on the claimant's hypertension, which providers, including Dr. Shenoy, have noted to be the potential cause for the claimant's headaches (Exhibits 11F & 46F). Despite continued recommendation for better control, the claimant is repeatedly found to be non-compliant with medications. Although

the record makes reference to emergency room visits due to headaches, there are no detailed reports of such incidents (Exhibit 45F).  Furthermore, these incidents are well within the time-frame of other treatment records that show the claimant to be non-compliant [with medications] (Exhibits 41F, 42F, & 46F).

R. 26.   Thus, the ALJ, with detailed citations to the administrative record, concluded that Claimant's migraine headaches were not a severe impairment because: objective testing failed to support Claimant's reported symptoms, such as blurred vision, nausea, and vomiting; Claimant only reported sporadic symptoms to Dr. Shenoy, her long-term treating neurologist, and Claimant consistently denied such symptoms; Claimant reported that her migraine headaches were fully controlled on medications, including her last treatment record from Dr. Shenoy; medical providers, including Dr. Shenoy, have reported that Claimant's headaches and related symptoms may be caused by Claimant's high blood pressure; Claimant is frequently found to be non-compliant with medications, including her high blood pressure medications; and Claimant's emergency room visits where she complained of migraine headaches and related symptoms are during the same periods where Claimant was non-compliant with her medication.   R. 26.

Claimant's first argument on appeal is that the ALJ erred at step-two by "failing to find [Claimant's] migraine headaches are a severe impairment."   Doc. No. 17 at 13-17.   As set forth below, this argument is fatally flawed.

In order to constitute a severe impairment at step-two, an impairment must significantly limit an individual's ability to perform basic work skills.   20 C.F.R. § 416.920(c).   In contrast, the Eleventh Circuit has found that an "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience."   *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984).   The Eleventh Circuits has "described step two as a 'filter' requiring the denial of any disability claim where no severe

impairment or combination of impairments is present." *Tuggerson-Brown v. Commissioner of Social Security*, 572 F. App'x 949, 950 (11th Cir. 2014) (unpublished and quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).[1]   "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Tuggerson-Brown*, 572 F. App'x at 951 (quoting *Jamison*, 814 F.2d at 588).   The Eleventh Circuit has stated that the "only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should reach a conclusion of no disability [and not proceed to the next step]." *Tuggerson-Brown*, 572 F. App'x at 951.   Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process and there is no need for the ALJ to identify every severe impairment at step-two.  *Id.* ("Based on our precedent and the regulations, therefore, it is apparent that there is no need for an ALJ to identify every severe impairment at step two."); *see also Farrington v. Astrue*, Case No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (citing authority and explaining that finding a single impairment at step-two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining Claimant's RFC).

In this case, at step-two, the ALJ concluded that Claimant's high blood pressure, depression, anxiety, and post-traumatic stress disorder were severe impairments and the proceeded to the next step in the sequential evaluations process.  R. 26.  The Court is persuaded that the regulations and the Eleventh Circuit require nothing more.  While the ALJ was required to consider Claimant's migraine headaches throughout the latter steps of the sequential evaluation process, Claimant's argument that the ALJ erred at step-two by failing to find migraine headaches

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th R. 36-2.

a severe impairment is misplaced because the ALJ found other severe impairments at step-two and, therefore, the Claimant suffered no harmful error at step-two.   Accordingly, Claimant's first argument is rejected.

Claimant's second argument is that the ALJ erred by failing to consider the effects of Claimant's migraine headaches at the subsequent steps in the sequential evaluation process and in determining Claimant's RFC.   Doc. No. 17 at 17-20.   As set forth above, an ALJ is required to consider all impairments, regardless of whether they are found to be severe or non-severe at step-two, in combination throughout the latter steps of the sequential evaluation process.   *Tuggerson-Brown*, 572 F. App'x at 951; *Lugo v. Colvin*, No. 8:13-cv-1772-T-TGW, 2014 WL 4639459, at *4 (M.D. Fla. Sept. 16, 2014).   In *Tuggerson-Brown*, 572 F. App'x at 951-952, the Eleventh Circuit found that the ALJ sufficiently met that requirement at step-three by stating that he had considered whether the claimant had an impairment or combination of impairments that met or equaled a listing and by indicating in the RFC section of the decision that he had considered all of the Claimant's symptoms.   *Id.* (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)).

In this case, the ALJ acknowledged the obligation to consider the limitations resulting from Claimant's impairments at the later stages of the sequential evaluation process.   R. 25.   At step-three, the ALJ found that the Claimant does not have an impairment or combination of impairments that meets or equals a listing.   R. 26.   In determining Claimant's RFC, the ALJ specifically considered Claimant's migraine headaches and symptoms related thereto.   R. 27.   The ALJ determined that Claimant's allegations regarding the intensity and persistence of those symptoms were not credible based upon the medical evidence and Claimant's non-compliance with recommended treatment regimens.   R. 27-30.[2]   The Court is persuaded by the Eleventh Circuit's

---

[2] The Claimant has not challenged the ALJ's credibility determination.   Doc. No. 17.

findings in *Tuggerson-Brown*, 572 F. App'x at 952, that such "statements are enough to demonstrate that the ALJ considered all the necessary evidence."  *Id.*  Thus, the Court finds that the ALJ sufficiently considered Claimant's migraine headaches and alleged symptoms related thereto throughout the sequential evaluation process.[3]  Accordingly, Claimant's second argument is rejected.

## IV.  CONCLUSION.

Based on the forgoing, it is **ORDERED** that:

1.      The Commissioner's final decision is **AFFIRMED**; and

2.      Direct the Clerk to enter judgment in favor of the Commissioner and against the Claimant, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on February 2, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record

---

[3] The Claimant's reliance on *Vega v. Commissioner of Social Security*, 265 F.3d 1214, 1219 (11th Cir. 2001), for the proposition that a remand is required where the ALJ fails to properly consider a condition despite evidence in the record of the diagnosis, is misplaced.  First, the ALJ specifically considered Claimant's migraine headaches and related symptoms throughout the sequential evaluation process.  R. 26-30.   Second, the Eleventh Circuit specifically limited its holding in *Vega* to claims of chronic fatigue syndrome.   *Vega*, 265 F.3d at 1219 ("This holding applies to a claim of CFS when the claimant submits evidence of a CFS diagnosis.").   Thus, *Vega* does not support Claimant's position on appeal.